UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH DEONEST JORDAN SHECKLES, | CASE NO. C19-1448 RSM |
| Plaintiff, | ORDER TO FILE AN AMENDED COMPLAINT AND DENYING MOTION FOR INJUNCTION |
| v. | |
| 4801 FAUNTLEROY LLC, et al., | |
| Defendants. | |

Pro se Plaintiff, Joseph Deonest Jordan Sheckles, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #4. His Complaint was posted on the docket on September 13, 2019. Dkt. #5. Summonses have not yet been issued. Plaintiff has also filed a Motion Order for Injunction. Dkt. #6.

Plaintiff's Complaint appears to allege housing discrimination. Dkt. #5 at 3 (alleging housing discrimination "with the approval to file case in federal District Court from H.U.D."). Additionally, Plaintiff alleges breach of contract and harassment. *Id.* at 5. Plaintiff seeks relief against what the Court believes to be the owner of his apartment building, a property manager, a law office, and a bookkeeper for the owner of the apartment building. *Id.* at 2–3. Plaintiff alleges that he has "sustained emotional assault from defendants and false information has been printed & introduced to internet that will never be able to correct or remove." *Id.* at 6. Plaintiff seeks

ORDER – 1

"$180,000 in pain suffering emotional distress, excessive fees and violations of Rights Requiring Remedy." *Id.* at 5.

Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to that section, the Court shall dismiss an action if at any time it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners). To adequately state a claim, a plaintiff's complaint must do more than speculate, it must allege facts sufficient to raise a plausible inference that defendants harmed plaintiff and that plaintiff is entitled to relief. *See* FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint, as currently drafted, fails to adequately state a claim. Plaintiff does not identify any specific actions that constitute unlawful housing discrimination. Further, Plaintiff does not provide factual allegations as to actions taken by each defendant to permit the Court to conclude that defendants are plausibly responsible for the harm Plaintiff complains of. *Twombly*, 550 U.S. at 555 (a complaint need not include detailed allegations, but must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Without correction, Plaintiff's Complaint requires dismissal. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has also filed a Motion Order of Injunction. Dkt. #6. Plaintiff's one-page Motion is brief, providing only, "Motion Court above for an Injunction to cease order in case 19-2-16424-7 ordering eviction date of 9/13/2019 by the King County Sheriff. A lawsuit has been started against petitioner and respondent will be requesting a jury trial for illegal Eviction process." *Id.* at 1. Most importantly, the Court has already found Plaintiff's Complaint deficient. Further,

ORDER – 2

Plaintiff's Motion does nothing to demonstrate the strength of his claims, identify the possible harm that he will suffer, give any indication that defendants have been provided notice, and appears to seek an injunction of an order in an ongoing state court case.  For all these reasons, injunctive relief is not currently appropriate.  Plaintiff's Motion Order of Injunction (Dkt. #6) is DENIED without prejudice to refiling after an Amended Complaint is filed.

Accordingly, and having reviewed Plaintiff's filings and the remainder of the record, the Court finds and ORDERS that Plaintiff shall file an Amended Complaint **no later than twenty-one (21) days from the date of this Order.**  In the Amended Complaint, Plaintiff must include all the elements of his existing Complaint (the parties, the causes of action, etc.) plus a short and plain statement of the facts giving rise to his causes of action and the relief he is seeking.  Failure to file an Amended Complaint within twenty-one (21) days of this Order will result in dismissal of this case.  The Clerk shall send a copy of this Order to Plaintiff at his last known mailing address.

Dated this 19th day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE